# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

RANDALL EDWARD FLETCHER,    )
                                   )
        Plaintiff,           )
                                   )
v.                                 )    Case No. CIV-24-692-SLP
                                   )
RICK WHITTEN, et al.,        )
                                 )
        Defendants.     )

## O R D E R

Before the Court is the Report and Recommendation [Doc. No. 9] issued by United States Magistrate Judge Amanda Maxfield pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Plaintiff Randall Edward Fletcher, a state prisoner appearing pro se and in forma pauperis, seeks civil rights relief, alleging violations of his federal constitutional rights under 42 U.S.C. § 1983. The Magistrate Judge screened the Complaint in accordance with 28 U.S.C. §§ 1915A(a) and 1915(e)(2), and recommends the action be dismissed without prejudice.

Plaintiff has filed an Objection [Doc. No. 10] to the R&R.[1] Accordingly, the Court must make a de novo determination of those issues specifically raised by the Objection, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Plaintiff is deemed to have waived any objection to any aspect of the R&R to which he has not raised a specific objection to the findings and conclusions of the Magistrate Judge. *See Hooper v. Stitt*, No. CIV-22-988-D, 2023 WL

---

[1] Plaintiff's Objection to the R&R was timely submitted by function of the prison mailbox rule. *See* Order [Doc. No. 12] at 1.

2432038, at *1 (W.D. Okla. Mar. 9, 2023) ("In his objection, Plaintiff generally ignores Judge Erwin's analysis and repeats, verbatim, many of the arguments previously presented in his complaint. . . . Plaintiff's failure to identify any specific error in Judge Erwin's analysis prevents further review."), *aff'd*, No. 23-6049, 2023 WL 5923920 (10th Cir. Sept. 12, 2023); *Mathews v. Elhabte*, No. 22-6031, 2022 WL 3592550, at *2 (10th Cir. Aug. 23, 2022) (objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute"); *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (Any "objection[] to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court."); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). For the following reasons, the R&R is ADOPTED, and the Complaint is dismissed without prejudice.

## I.    <u>Background[2]</u>

Plaintiff is a state inmate who is currently incarcerated at Great Plains Correctional Center.[3] At the relevant time of the facts alleged in the Complaint, Plaintiff was incarcerated at North Fork Correctional Center (NFCC). He alleges that NFCC officials and an Oklahoma Department of Corrections (ODOC) contractor violated his constitutional rights by limiting his access to evidence at a disciplinary hearing and

---

[2] The Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

[3] *See* [Doc. No. 1] at 1; Oklahoma Department of Corrections OK Offender, https://okoffender.doc.ok.gov

subsequently punishing him.  Plaintiff filed this action, pursuant to 42 U.S.C. § 1983, naming six defendants: Rick Whitten, the Warden of NFCC[4], in his individual and official capacities; David Rogers, the   Deputy Warden of NFCC, in his individual and official capacities; Chris Mattingly, Correctional Sergeant and Disciplinary Coordinator at NFCC, in his individual and official capacities; Chrystal Bryant, Correctional Case Manager at NFCC, in her individual and official capacities; Mark Knutson, Director Designee and Supervisor of Administrative Review of the Oklahoma Department of Corrections, in his individual and official capacities, and; Securus Technologies, a private company who provided phone services to NFCC [Doc. No. 1] at 1-2.  His Complaint includes claims of violations of his rights to Due Process and Equal Protection under the Fourteenth Amendment, freedom of speech under the First Amendment, and freedom from cruel and unusual punishment under the Eighth Amendment.  Plaintiff also raises state law claims and violations of the rules of evidence.[5]

## II.    Plaintiff's Objections

### a.    Due Process

In the R&R, the Magistrate Judge found that Plaintiff failed to state a Fourteenth Amendment Due Process Claim as no protected liberty interest was identified.  [Doc. No. 9] at 8.  Plaintiff cites to *Harrison v. Morton*, 490 F. App'x 988 (10th Cir. 2012) for the

---

[4] All individual defendants were serving in these positions at the time of the Complaint.  Between the facts giving rise to the Complaint and the filing of the Complaint, NFCC ceased operations.

[5] Plaintiff does not clarify, when he is referencing the "rules of evidence", whether he is claiming violations of state law rules of evidence, the Federal Rules of Evidence, or another ground.

proposition that ODOC failed to provide proper procedure in Plaintiff's disciplinary proceeding. [Doc. No. 10] at 4. However, the Court will not consider Plaintiff's arguments raised in the objection as to the procedural aspects of the disciplinary proceedings, as Plaintiff has failed to establish the prerequisite of a liberty interest being implicated. *See Harrison*, 490 F. App'x at 993 ("If a protected *liberty interest is implicated*, the following procedures must be provided in a disciplinary hearing . . .") (emphasis added and citations omitted); *Elliot v. Martinez*, 675 F.3d 1241, 1244 (10th Cir. 2012) ("An alleged violation of . . . procedural due process . . . prompts a two-step inquiry: (1) whether the plaintiff has shown the deprivation of an interest in life, liberty, or property . . .") (internal quotation marks and citations omitted). Plaintiff raises additional arguments in his Objection that he argues give rise to liberty interests: (1) Plaintiff's change in security classification, thus affecting earned credits, and; (2) violations of ODOC policies and procedures. *See* [Doc. No. 10] at 4-7. This Court finds the Magistrate Judge was correct in not finding a liberty interest existed, but will address the additional arguments in the Objection as to each ground.

Plaintiff's argument as to the change in security classification is similar to the plaintiff's arguments raised in *Marshall v. Morton*, 421 F. App'x 832 (10th Cir. 2011). In *Marshall*, the plaintiff brought a § 1983 claim after he lost earned credits and had his inmate classification level changed as a result of disciplinary proceedings he alleged were improper. *Marshall*, 241 F. App'x at 834. Similar to Plaintiff, the plaintiff in *Marshall* was a state prisoner who was serving a sentence subject to Okla. Stat. tit. 21, § 13.1 (the 85% rule). *Id*. On appeal, the Tenth Circuit found:

the possibility that Marshall's misconduct conviction could have a negative impact on his parole consideration did not implicate a protected liberty interest. As the Supreme Court explained in [*Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)], "[t]he decision to release a prisoner rests on a myriad of considerations." 515 U.S. at 487, 115 S.Ct. 2293. Thus, even though a parole board may consider an inmate's misconduct convictions as a relevant consideration when deciding whether to grant parole, "[t]he chance that [this] finding . . . will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due Process Clause."

*Marshall*, 241 F. App'x at 838; *see also Griffith v. Bryant*, 625 F. App'x 914, 917 (10th Cir. 2015) ("[B]ecause Oklahoma's parole scheme is discretionary, [a prisoner] has no constitutionally protected due process liberty interest in parole"). Here, Plaintiff argues that he "has an interest in making sure his record shows no breaks in his [earned] credit level for the pardon and parole board's consideration." [Doc. No. 10] at 4. Plaintiff is incorrect in stating his "earned credits are recorded so that once you reach 85% sentence . . . you then discharge that sentence . . . ." *Id*. at 5. Plaintiff is not eligible for earned credits because he is serving a sentence subject to the 85% rule. Okla. Stat. tit. 21, § 13.1 ("Persons convicted of [crimes subject to the 85% rule] shall not be eligible for earned credits or any other types of credits which have the effect of reducing the length of the sentence to less than eighty-five percent . . . of the sentence imposed"); Okla. Stat. tit. 57 § 138 ("no deductions shall be credited to any inmate serving a sentence of life imprisonment"). Rather, "a complete record of the inmate's participation in work, school, vocational training, or other approved program shall be maintained by the Department for consideration by the paroling authority." Okla. Stat. tit. 57 § 138(A). Once Plaintiff reaches 85% of his sentence, he may be considered for parole. Akin to the plaintiff in *Marshall*,

Plaintiff argues that any change in his security classification or participation record would influence parole considerations. [Doc. No. 10] at 5. While this Court is aware that changes to Plaintiff's security classification and participation record *may* be a consideration for the parole board at the time of a hearing, the *possibility* that it could have an effect at such a time in the future does not give rise to a liberty interest under the Due Process Clause.

In the Objection, Plaintiff also argues that the 92-day restriction on telephone privileges and the procedures for the disciplinary proceedings violated ODOC policies and procedures, thus giving rise to a liberty interest. However, the Magistrate Judge correctly found "[t]he alleged violations of ODOC policy are also not cognizable as standalone claims under Section 1983." [Doc. No. 9] at 11, n. 6 (citing *Gaines v. Stenseng*, 292 F.3d 1222, 1225 (10th Cir. 2002) and *Heidel v. Mazzola*, 851 F. App'x 837, 840 (10th Cir. 2021)). Plaintiff cites to authority in the Objection that is either inapplicable or where a liberty interest has been established.[6] As such, this Court concurs with the Magistrate Judge and finds that Plaintiff failed to state a viable Due Process Claim.

### b. Equal Protection

The Magistrate Judge found that Plaintiff failed to state an Equal Protection claim as he did not demonstrate he was discriminated against as a member of a class. [Doc. No. 9] at 11-12. However, Plaintiff does not specifically challenge any of the Magistrate

---

[6] For example, *Brady v. Maryland*, 373 U.S. 83 (1963) focuses on the suppression of evidence in a criminal jury trial. *Brady*, 373 U.S. at 87. *Wolff v. McDonnell*, 418 U.S. 539 (1974) as well as the Seventh Circuit and Kentucky authority relied upon by Plaintiff for this proposition also fail in that a liberty interest was established by the plaintiffs.

Judge's findings or conclusions.    Although Plaintiff purports to object to the Magistrate Judge's Equal Protection finding, Plaintiff does not demonstrate he was a member of a class of individuals that were treated differently.  *See* [Doc. No. 10] at 7.  As such, this Court finds he has waived any objection to the Equal Protection findings in the R&R, and that the Equal Protection claim is subject to dismissal.

### c.    First Amendment

In the R&R, the Magistrate Judge found that Plaintiff's First Amendment claim relating to restriction of phone privileges is moot.  [Doc. No. 9] at 13-15. Liberally construing his Objection, Plaintiff argues for application of the capable-of-repetition exception to the mootness doctrine in the Objection.[7]  [Doc. No. 10] at 7-9.  The capable-of-repetition exception "applies only where the following two circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to the cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *McAlpine v. Thompson*, 187 F.3d 1213, 1216 (10th Cir. 1999) (cleaned up and citations omitted). Plaintiff does not dispute that he has already served the sanctions at issue, but argues that the ODOC appeal process prevents him from being able to litigate the actions before he serves the sanctions.  [Doc. No. 10] at 8.  Even if Plaintiff was able to satisfy the first element, Plaintiff has not demonstrated a reasonable expectation that he would be subjected

---

[7] Plaintiff also argues in the Objection that his Due Process claims are not moot.  [Doc. No. 10] at 8.  The Magistrate Judge found that only Plaintiff's First Amendment claim was moot, and found that Plaintiff failed to state a Due Process claim on other grounds.  [Doc. No. 9] at 13-15.

to the same deprivation of telephone privileges. Plaintiff argues that despite being transferred from North Fork Correctional Center to Great Plains Correctional Center, the Defendants can repeat the alleged misconduct at a new facility. [Doc. No. 10] at 9. To demonstrate there is a reasonable expectation that they could be subjected to the same actions, a plaintiff "must show a real or immediate threat he will be wronged again—speculation and conjecture will not suffice." *Burnett v. Fallin*, 785 F. App'x. 546, 552 (10th Cir. 2019). Plaintiff argues that "the Defendants still work within the prison system and carry the same attitudes and reasoning," thus allowing the conduct to be repeated. [Doc. No. 10] at 9. Defendant Mattingly is the only Defendant who is present at Plaintiff's new facility. *Id*. Plaintiff did not provide any evidence or specific facts to show that there is a "real and immediate threat" that he will be subject to a wrongful deprivation of telephone privileges. Plaintiff has not demonstrated how these Defendants would be capable of committing the same actions other than through speculation.[8] This Court agrees with the finding of the Magistrate Judge that Plaintiff's First Amendment claim is moot and this Court lacks subject-matter jurisdiction as such.

### d.    Eighth Amendment

The Magistrate Judge also found that the discipline imposed against Plaintiff did not amount to cruel and unusual punishment under the Eighth Amendment. [Doc. No. 9] at 16-18. In the Objection, Plaintiff purports to object to the Magistrate Judge's Eighth

---

[8] Plaintiff's reliance on *Jordan v. Sosa*, 654 F.3d 1012 (10th Cir. 2011) is inapplicable to Plaintiff's claims. Plaintiff is not "challenging policies that apply in a generally uniform throughout a prison system. . . ." *Jordan*, 654 F.3d at 1028. Rather, Plaintiff alleges that certain actors within the ODOC have misapplied ODOC policies.

Amendment findings. [Doc. No. 10] at 9. However, Plaintiff reasserts arguments relating to the Due Process Clause and violations of ODOC policy. *See* [Doc. No. 10] at 9. Similar to Plaintiff's Equal Protection arguments, Plaintiff did not specifically challenge any of the Magistrate Judge's findings or conclusions as to his Eighth Amendment claim. This Court finds that he has waived his objection to the Eighth Amendment findings in the R&R, and that the Eighth Amendment claim is subject to dismissal.

### e.    Additional Grounds[9]

Plaintiff raises additional arguments in the Objection that his claims of collective punishment and violations of the "rules of evidence" were not addressed in the R&R. [Doc. No. 10] at 12. While Plaintiff posits that such claims are independent of his constitutional claims, these claims are incorporated and necessarily intertwined with his Due Process and Eighth Amendment claims. *See* [Doc. No. 1] at 9-11. Furthermore, Plaintiff did not cite any law or bring forth any specific arguments that such claims are independent of his Constitutional claims. Thus, this Court dismisses such claims without prejudice.

### III.    Conclusion

IT IS THEREFORE ORDERED that the R&R [Doc. No. 9] is ADOPTED. Plaintiff's Complaint [Doc. No. 1] is DISMISSED WITHOUT PREJUDICE. A separate judgment of dismissal shall be entered contemporaneously herewith.

---

[9] Plaintiff raises objections to the Magistrate Judge's discussion of the factual and procedural background of the matter in the R&R. *See* [Doc. No. 10] at 1-3. Plaintiff also purportedly objects to the Magistrate Judge's finding of the inapplicability of *Heck v. Humphrey*, 512 U.S. 477 (1994).

IT IS SO ORDERED this 2nd day of December, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

*Id*. at 3-4.  These objections do not affect the R&R's overall conclusions and thus the Court declines to address them.