### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDALL EDWARD FLETCHER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RICK WHITTEN, et al., )<br>)<br>Defendants. ) | Case No. CIV-24-692-SLP |

## **O R D E R**

This matter is before the Court on partial remand entered by the United States Court of Appeals for the Tenth Circuit on February 2, 2026. The Tenth Circuit remanded this matter for the Court to determine "whether to construe Mr. Fletcher's Notice of Late Filing as a Rule 4(a)(5) motion and whether to grant relief." Order [Doc. No. 21] at 1-2.[1] For the reasons that follow, the Court construes the Notice of Late Filing (the Motion) as a motion for extension of time to file notice of appeal pursuant to Fed. R. App. P. 4(a)(5). Furthermore, the Court DENIES the Motion.

**I.   Background**

On December 2, 2025, this Court entered its Order and Judgment [Doc. Nos. 13 and 14] dismissing Plaintiff's Complaint. On January 13, 2026, Plaintiff untimely filed a

---

[1] The Notice of Late Filing is attached as pages 3 and 4 of the Tenth Circuit's Order. *See id.* at 3-4. The Notice of Late Filing was not independently filed before this Court. Because the Tenth Circuit attached the Notice of Late Filing to its February 2 partial remand Order, the Court finds that it can construe and subsequently decide the Notice of Late Filing as a motion before this Court.

Notice of Appeal [Doc. No. 15]. *See* 28 U.S.C. § 2107(a) (requiring notice of appeal to be filed within thirty days of entry of judgment); *see also* Fed. R. App. P. 4(a)(1).

On January 14, 2026, the Tenth Circuit directed Plaintiff to file a response as to "why th[e] appeal should not be dismissed for lack of appellate jurisdiction due to the untimely filing of the notice of appeal." Order [Doc. No. 19]. On January 22, 2026, Plaintiff filed the Motion.[2] *See* [Doc. No. 21] at 3-4. The Tenth Circuit abated the appeal pending a ruling by this Court on the Motion. *Id*. at 2.

## II.  Governing Standard

"A timely notice of appeal is a jurisdictional requirement in a civil case." *Bruce v. City of Colo. Springs*, No. 22-1413, 2024 WL 1109065 at *1 (10th Cir. Mar. 14, 2024) (citing *Bowles v. Russell*, 551 U.S. 205, 214 (2007)). Although the "requirement cannot be forfeited or waived", the district court can extend a party's time to file a notice of appeal pursuant to Fed. R. App. P. 4(a)(5)(A)(ii), if the party shows "excusable neglect or good cause." *Id*.

## III.  Discussion

As an initial matter, the Court construes Plaintiff's Notice of Late Filing as a motion brought under Fed. R. App. P. 4(a)(5). In the Notice, the Plaintiff provides reasons for why the Notice of Appeal was untimely. *See* [Doc. No. 21] at 3. Further, the document contains a prayer for relief where Plaintiff asks that the Court "take into consideration" the delays in the detention center's legal mail system and "begs the [C]ourt for forgiveness." *Id*. at 4.

---

[2] Plaintiff represents that on January 22, 2026, he submitted the Motion to the detention center's legal mailing system.

The Court finds that Plaintiff's assertions and request for relief are sufficient to construe the Notice of Late Filing as a Rule 4(a)(5) motion.

The Motion has also been filed within the thirty-day period permitted for seeking an appeal out of time. *See* 28 U.S.C. § 2107(c) ("The district court may, upon motion filed *not later than 30 days after the expiration of the time otherwise set for bringing appeal*, extend the time for appeal upon a showing of excusable neglect or good cause." (emphasis added)); *see also* Fed. R. App. P. 4(a)(5)(A)(i)-(ii).

Liberally construing the submission, the Court nonetheless finds the record does not support granting an extension on the basis of excusable neglect. Excusable neglect should not serve as grounds to extend the notice of appeal deadline "absent unique and ordinary circumstances." *Id*. (citing *Bishop v. Corsentino*, 371 F.3d 1203, 1206-07 (10th Cir. 2004)). Relevant factors for the court to consider include: "(1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id*. at *2 (citing *Bishop*, 371 F.3d at 1206).

The Court finds that both the first and second factors support a finding of excusable neglect. Because the matter was dismissed before the Defendants were served, the Defendants do not suffer prejudice from Plaintiff's requested relief. Additionally, Plaintiff's eleven-day delay in filing the notice of appeal had little impact on the judicial proceedings, especially considering the abatement of the appeal pending this decision.

However, the Court finds that the third and fourth factors ultimately weigh against a finding of excusable neglect. Fundamentally, Plaintiff has not shown unique and extraordinary circumstances exist. Plaintiff asserts that the reason for the untimely filing was primarily because of (1) Plaintiff's lack of awareness of the deadline to file the notice of appeal; and (2) the delay in receiving mail via the detention center's legal mail delivery center. While the delay in receiving mail is outside of the Plaintiff's control, Plaintiff, acting pro se, was still responsible for knowing the deadline to file his notice of appeal. *See Goldwyn v. Donahoe*, 562 Fed. App'x. 655, 658 (10th Cir. 2014) (unpublished) (finding "ignorance of the rules is simply insufficient to satisfy" the excusable neglect standard); *see also Nielsen v. Price, 17 F.3d 1276, 1277* ("The [Tenth Circuit] has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.") (internal quotations and citations omitted); *Weinstock v. Cleary, Gottlieb, Steen & Hamilton*, 16 F.3d 501, 503 (2d Cir. 1994) ("The excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules.") (citations omitted). While Plaintiff generally cites to the delay in mail, Plaintiff primarily focuses on the delay of appellate forms from the Court. *See* [Doc. No. 21] at 3 ("Plaintiff mailed to the [Court] a request for the correct forms to use to file an appeal.). While the Court-provided form is a suggested form to use for a notice of appeal, it is not necessary to file a notice of appeal. *See*, *e.g.*, *Smith v. Barry*, 502 U.S. 244, 248-49 (1992) (If a document filed . . . gives the notice required by [Fed. R. App. P. 3(c)], it is effective as a notice of appeal.). A delay in receiving court-approved forms does not excuse failing to file a notice of appeal by the 30-day deadline. Furthermore, the Court finds that

4

ignorance of the law does not demonstrate that the Plaintiff acted in good faith. *See U.S. v. Widjaja*, 291 Fed. App'x. 163, 164 (10th Cir. 2008) (unpublished) (finding district court did not abuse discretion in deciding ignorance of law did not constitute good cause or excusable neglect in filing notice of appeal). While Plaintiff cites a lack of knowledge of the law and delays in mailing, such difficulties are faced by nearly every pro se prisoner who proceeds in the judicial process. Accordingly, Plaintiff has failed to demonstrate excusable neglect that would entitle him to relief.

"Good cause 'comes into play in situations in which there is no fault – excusable or otherwise. In such situations the need for an extension is usually occasioned by something that is not within the control of the movant.'" *Bruce*, 2024 WL 1009065 at * 1, n. 2 (quoting *Bishop*, 371 F.3d at 1207). As discussed above, the delay in the detention center's legal mail system did not affect Plaintiff's ability to file a notice of appeal. Assuming a 6-day delay, Plaintiff received the Court's Order and Judgment on or around December 8, 2026. Plaintiff did not request forms from the Clerk of the Court until December 26, 2026. The delay in receiving forms did not prevent Plaintiff from electing to file a notice of appeal before the January 2, 2026 deadline.[3] Plaintiff complains about mailing delays independent of his ability to submit a timely notice of appeal. Plaintiffs' assertions regarding the general delay in mailing does not constitute good cause in these circumstances.

---

[3] Furthermore, the Federal Rules of Appellate Procedure and case law afford pro se prisoners the opportunity to utilize the "prison mailbox" rule to address some of the difficulties associated with detention center mail systems. *See* Fed. R. App. P. 4(c); *Houston v. Lack*, 87 U.S. 266, 275 (1988); *Price v. Philpot*, 420 F.3d 1158, 1164 (10th Cir. 2005).

In sum, viewing the circumstances of this case in their entirety, the Court finds Plaintiff has not satisfied either the excusable neglect or good cause standards. The Court is certainly cognizant that this is a harsh result, especially considering Plaintiff's status as a pro se prisoner. However, such status does not excuse Plaintiff from compliance with the rules of civil and appellate procedure.

## IV.     Conclusion

IT IS THEREFORE ORDERED Plaintiff's Motion for Extension of Time to File Notice of Appeal [Doc. No. 21] is DENIED.

The Clerk of Court is directed to forward a copy of this Order to the Clerk of the Tenth Circuit pursuant to 10th Cir. R. 3.3(B).

IT IS SO ORDERED this 10th day of February, 2026.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE